Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the
District of Colorado

Civil Division

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
4:06 pm, Nov 27, 2020
JEFFREY P. COLWELL, CLERK

Jamie Fanner

*Plaintiff(s)*

-v-

TTEC F-K-A TELE TECH HOLDINGS INC

*Defendant(s)*

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☒ Yes  ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Jamie Fanner |
   | Street Address | P.O. Box 141 |
   | City and County | Frisco, Denton |
   | State and Zip Code | TX, 75034 |
   | Telephone Number | (214) 605-6116 |
   | E-mail Address | jamie.fanner@outlook.com |

   B. **The Defendant(s)**

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1
- Name: TTEC F-K-A TELE TECH HOLDINGS INC)
- Job or Title (if known):
- Street Address: 9197 South Peoria Street
- City and County: Englewood and Arapahoe County
- State and Zip Code: CO, 80112
- Telephone Number: 1-888-788-0032
- E-mail Address (if known):

Defendant No. 2
- Name:
- Job or Title (if known):
- Street Address:
- City and Couy:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 3
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 4
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | TTEC@Home |
| Street Address | 8384 Kingston Lane |
| City and County | Frisco and Denton |
| State and Zip Code | TX, 75034 |
| Telephone Number | |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

### III. Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☒ Failure to promote me.
- ☒ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☐ Other acts *(specify)*:

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
03/31/20; 02/03/20; 01/17/20; 06/12/19; 01/10/19

C. I believe that defendant(s) *(check one)*:
- ☐ is/are still committing these acts against me.
- ☒ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- ☐ race
- ☐ color
- ☐ gender/sex
- ☐ religion
- ☐ national origin
- ☐ age *(year of birth)*
- ☒ disability or perceived disability *(specify disability)*
    brachial plexus birth palsy

E. The facts of my case are as follows.  Attach additional pages if needed.

To my knowledge, these electronic records, where defendant caused harm/violated plaintiff's ("I") rights, occurred in Colorado, where the defendant's ("TTEC") Global Headquarters is located:

1) Termination of my employment:
  a. On 01/17/20, I was informed via email, that due to my disability and TTEC's failure to accommodate, I was taken off my work schedule
  b. On 02/21/20, I contacted TTEC Human Capital in response to a Global Exit Survey, sent to my accessible personal email
  c. On 02/27/20, I responded to Human Capital's email sent on 02/25/20, wherein they informed me of communications sent to my non-accessible TTEC email. In this email, I informed them that I had not received any communication since being taken off the work schedule on 01/17/20, aside from the Global Exit Survey sent on 01/17/20
  d. On 03/31/2020, I was informed by TTEC Human Capital that I was terminated from my customer service employment due to TTEC's failure to accommodate

2) Failure to promote me:
  a. On 01/08/19, I received an email regarding a pre-qualification for promotion to Trainer and Supervisor, Learning and Development classifications
  b. On 01/10/19, I requested accommodations, due to my disability and received no response
  c. On 01/16/19, I sent an additional follow-up email and received no response

3) Failure to accommodate:
  a. Prior to 12/20/18, I requested verbally and in writing, accommodations from TTEC, due to an ADA-protected disability and was informed that I needed to complete TTEC's ADA accommodation paperwork
  b. On or about 12/17/18, TTEC management, verbally informed me I would not receive accommodations for an ADA-recognized disability. Additionally, on 12/18/18, when I asked upper level management if I could take time off to obtain TTEC's ADA medical certification, I was informed that I would not be allowed to take time off
  c. On 12/20/18, I informed TTEC management, I was not able to proceed and left the hostile work environment to obtain the required ADA forms. On or about the same day, 12/20/18 I submitted TTEC requested ADA accommodation paperwork
  d. On 12/27/18 the same medical physician submitted an additional request for accommodations and took me off of work until 01/04/19, "pending reasonable accommodations"
  e. On or about 01/03/19, two varying medical notes were sent to TTEC requesting adherence to ADA certification recommendations and attesting to back, neck and shoulder pain
  f. On 01/04/19, I received notification of intended partial accommodations and the others were disregarded and later denied.
  g. On 01/16/19, TTEC received medical documentation from their worker's compensation provider that my injuries were most likely due to work-related tasks, which provided additional support for the ergonomic-related/functional assessment accommodation requests
  h. On 01/23/20, Chip Roy of Genex, conducted an ergonomic evaluation. In this evaluation report, recommendations for a particular keyboard, ergonomic chair, and sit-stand desk for my home office.
  i. On 02/03/20, TTEC informed me that they were in receipt of his recommendations, however, would not provide accommodations.

4) Retaliation:
  a. On or about 12/17/18, I requested to not be penalized for lack of participation, due to my disability and failure to accommodate scenario. TTEC management responded by stating New Hire Training Expectations Agreement and inferring I might receive "disciplinary action up to and including termination…"
  b. On or about 01/08/19, I was informed by TTEC's Human Capital Business Partner that I was informed, over the phone, that my assignment had ended, and I was being placed on an alternate assignment on or about 02/04/19
  c. On 06/12/19, I was informed by TTEC's Human Capital that I retained counsel and was could not return to work

The above actions/events caused the Plaintiff ("me") economic, emotional and physical losses.

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

11/06/19

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)* 11/10/2020 .

(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Attorney's fees and costs - $2000.00
Compensatory damages - $50,000.00
Medical expenses and emotional harm
Exemplary damages - $29,600.00
Gross negligence and oppressive intented acts of the defendant

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11/27/2020

Signature of Plaintiff   s/ Ms. Jamie E. Fanner
Printed Name of Plaintiff   Ms. Jamie E. Fanner

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**B.    For Attorneys**

Date of signing: _____

Signature of Attorney          _____
Printed Name of Attorney       _____
Bar Number                     _____
Name of Law Firm               _____
Street Address                 _____
State and Zip Code             _____
Telephone Number               _____
E-mail Address                 _____

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[ ] EEOC | |

Texas Workforce Commission Civil Rights Division ____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| MS. JAMIE FANNER | [redacted] | 09/30/1986 |

Street Address: PO Box 141 Frisco, Texas 75034

Or contact via e-mail: jamiefanner@gmail.com; jamie.fanner@outlook.com

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| TELETECH HOLDINGS | 200+ | 1-800-835-3832 |

Street Address: 9197 S. PEORIA ST. ENGLEWOOD, COLORADO 80112

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[X] OTHER (Specify) **FAILURE TO ACCOMMODATE**

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 10/18/2018   Latest: 
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I [redacted] accepted a position with TTEC on October 18, 2018 in California as a Customer Service Representative 1 on the CVS/Caremark account. I completed my screening and paperwork on November 13, 2018, when I was to start training for my position. Shortly after staring my assignment on November 19th, I began to inform my supervisor, Allana Rochelle, of cognitive and physical disabilities I had, due to some potential concerns I thought may arise in the performance of certain tasks in my position, as I was undergoing the training and learning the intricacies and details of my daily assignments.

I continued to bring to light such issues to Ms. Rochelle through mid-December, 2018. Ms. Rochelle instructed me on December 13, 2018 to raise all such details to Human Capital, but advised me that if I needed time off during training to accommodate for such disabilities, I may be penalized. This is memorialized in a December 18th e-mail.

Specifically, on December 20, 2018, I complained to Ms. Rochelle that I was having issues transitioning between screens on my single monitor, due to my high level of astigmatism and a congenital birth injury. I told Ms. Rochelle I needed to leave, and was later advised to go to the ER. I did so, and submitted a note from the ER around December 24th stating that I would need a few days off to be evaluated. Less than a week later, I provided a return to work update and advised I would be seeing my physician.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 11/06/19
Charging Party Signature: [signature]

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT: [signature]

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year): 11/06/2019

GABRIEL PALACIOS
Notary Public, State of Texas
Comm. Expires 03-24-2023
Notary ID 128562955

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☐ EEOC | |

__Texas Workforce Commission Civil Rights Division__ and EEOC
*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

On January 2, 2019, I submitted a note with recommendations from my physician on a return to work, including some accommodations. On January 8, 2019, I began to apply for other positions at TTEC, as I was advised by Human Capital member Meghan Prater that I was released from my position, although not terminated, without discussion on any accommodations possible. On January 10th, I was offered the opportunity to apply/interview for a position with TTEC in Concord, NC. Moving there, due to my previous low income and family's involvement in California and Texas, was not possible, so I asked if such position could be accomplished remotely. No response was given.

Thereafter, I continued to ask, in writing, for specific accommodations for positions for weeks, to no avail. Finally, a conversation was started on February 20, 2019 regarding use of a dual monitor. At that point, it appeared that TTEC was going to work with me to find a solution, and I was sent dual monitors on February 25th, and worked over the next few days with technical support to set everything up. I was to then placed into training for another position. I informed my new supervisor Tamra Diamond of some of the other accommodation concerns that had been ignored to date, such as an ergonomic evaluation and possible stand-up desk, as well as other assignment in the company that would better fit my education, experience, skills and medical issues, when new projects arose. Thereafter, my supervisor in training became upset and hostile over the next few days, such that I had to leave training and make report to Human Capital member Bethany Callahan.

From that point, it appears that TTEC was fed up in dealing with me and my complaints. They begin nitpicking at every little thing, including my request for schedule change and the length of my bathroom breaks. This continued throughout March 2019, to the point that my physical and mental health deteriorated and I had to apply for medical leave starting March 29, 2019. I was out on disability leave over the next 4-5 weeks, but was reevaluated and cleared to return on May 6, 2019. I turned my release in to TTEC's Human Capital department. I received no response for weeks, but was eventually told by Anna Haugen in an e-mail on 06/12/19 that I could not return to work, as I had retained counsel, which very much appeared retaliatory.

Further, on June 7, 2019, Kennard Law office received a letter from TTEC acknowledging representation, but also inquiring if they were "taking over" the interactive process. Kennard Law had never insinuated that they were involving this law firm in the day-to-day decision making and employment actions undertaken by TTEC. We simply made TTEC aware that they were retained and looking into the actions of TTEC on my behalf. Regardless, The Kennard Law firm was informed by me that I sent an e-mail to Human Capital on 06/28/19 complaining about continuing to being held out, and why would I hiring an attorney have any effect. No further explanation nor excuse has been given to date, so I was only left to conclude I had been terminated as of June 28th, with the only fact being I had been held out from placement for any positions for months, not that I was unable to fill a position with reasonable accommodation.

I believe I have been discriminated based on asserts that the actions by TTEC, and it agents, is both discriminatory and retaliatory under the ADA and Chapter 21 of the Texas Labor Code.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

11/06/19
Date — Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

11/06/2019

GABRIEL PALACIOS
Notary Public, State of Texas
Comm. Expires 03-24-2023
Notary ID 128562955

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Jamie Fanner**
**PO Box 141**
**Frisco, TX 75034**

From: **Dallas District Office**
**207 S. Houston St.**
**3rd Floor**
**Dallas, TX 75202**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 460-2020-00860 | Erik Hernandez, Investigator | (972) 918-3597 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Sandra Taylor for*
**Belinda F. McCallister,**
District Director

09-02-2020
*(Date Mailed)*

Enclosures(s)

cc:
**Alexis Knapp, Attorney**
**Littler Mendelson, P.C**
**1301 McKinnley Street, Suite 1900**
**Houston, TX 77010**
**(TTEC F-K-A TELE TECH HOLDINGS INC)**

**Alfonso Kennard, Jr., Attorney**
**KENNARD LAW PC**
**2603 AUGUSTA DRIVE  # 1450**
**Houston, TX 77057**

Enclosure with EEOC

Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.